UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRESEAN TYRESE JONES | CIVIL ACTION |
| VERSUS | NO. 26-1171 |
| JAMES COX, ET AL. | SECTION "H" (2) |

### ORDER AND REASONS

Plaintiff Tresean Tyrese Jones is incarcerated in the Iberia Parish Jail in New Iberia, Louisiana. ECF No. 1, ¶II, at 2 (Deficient Complaint). Jones filed this *pro se* complaint under 42 U.S.C. § 1983 against defendants Officer James Cox and Iberia Parish Sheriff's Office, located in New Iberia, Louisiana, arising from an alleged incident involving Officer Cox at the Iberia Parish Jail. *Id*. at 1, ¶III(B)-(C), at 4; ¶IV, at 4-5.  At the time of filing, Jones did not pay the filing fee or submit an application to proceed *in forma pauperis* in this case. As such, his complaint has been docketed as deficient. ECF No. 1 (Deficient Complaint).

In light of the decision to transfer this matter, issuance of a deficiency notice to plaintiff regarding the requirement to either pay the filing fee or submit an application to proceed *in forma pauperis* to cure the deficiency is deferred to the receiving court.

## I.    VENUE PROVISIONS

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.[1]  The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

---

[1] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.[2] The transfer provisions "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'"[3] Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[4] A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[5]

## II.    **DISCUSSION**

Jones has presented no basis for this matter to proceed in the Eastern District of Louisiana rather than the Western District of Louisiana. The events complained about took place at Iberia Parish Jail where Jones is currently housed, which is located in New Iberia, Louisiana, within Iberia Parish. ECF No. 1, ¶II, at 2. The named defendants are all located in Iberia Parish. *Id.*, ¶III(B)-(C), at 4.

---

[2] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).
[3] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).
[4] *Id*. at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).
[5] *Id*. at 678.

Iberia Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). The interests of justice and fairness to the parties dictate that venue is appropriate in the Western District of Louisiana.  Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that issuance of a deficiency notice regarding the need to either pay the filing fee or submit an application to proceed *in forma pauperis* as well as the subsequent determination of pauper status are **DEFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this __3rd__ day of June, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

3